[American Amusement Company v. East Lake Chutes Company.]

defendant's testator, knew about some notes at the bank—not the notes in suit—was so remote from any issue proposed that it is hardly to be conceived that it affected the mind of the jury in reaching a conclusion. The ruling, if error, was harmless.

The rulings of the court below were free from reversible error, and its judgment will be affirmed.

Affirmed. All the Justices concur.

# American Amusement Company v. East Lake Chutes Company.

## Assumpsit.

(Decided November 28, 1911. 56 South. 961.)

1. *Corporations; Foreign; Right to Sue; Certificate.*—A foreign corporation which has not complied with section 232, Constitution 1901, and section 3642, 3643, Code 1907, cannot maintain an action in this state.

2. *Same; Estoppel.*—The fact that the attorney for the defendant expressed the opinion that plaintiff need not file any papers in this state for doing the work for the defendant, did not estop the defendant from invoking the application of the law against an action by a foreign corporation which had not complied with the requirements of the Constitutional and statutory provisions, nor is the defendant estopped by its acceptance of the work done by such foreign corporations, since such acts could not excuse the performance of duties enjoined by law.

3. *Same; Doing Business.*—A corporation which executes a contract for the sale of machinery located in another state for its transportation to this state, and for the furnishing of labor and material to assemble or construct it in this state, is doing business in this state.

4. *Commerce; Regulation; Sale and Delivery of Goods.*—The sale of machinery to be removed from another state and delivered in this state is an act of interstate commerce to which the laws of Alabama do not apply, but a contract for transporting the machinery from another state, and furnishing the labor to build or assemble the materials into a structure in this state, is not the delivery of an article of commerce exempt from state regulation.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

[American Amusement Company v. East Lake Chutes Company.]

Action by the American Amusement Company against the East Lake Chutes Company for work and labor done and materials furnished. Judgment for defendant, and plaintiff appeals. Affirmed.

The plea referred to in the opinion is as follows: "The defendant, for answer to complaint, says that the plaintiff corporation is a foreign corporation, and had not, at the time it entered into the alleged contract sued on in this cause, complied with the provisions of section 232 of the Constitution of Alabama of 1901, which, among other things, provides: [Here follow the provisions relative to foreign corporations having a known place of business and an authorized agent or agents, and requiring the filing with the Secretary of State of a certified copy of its articles of incorporation.] Nor has it complied with section 3642, Code of Alabama, which provides: [Here follow the provisions of said section, down to and including the words, 'or agents residing therein.'] Nor has it complied with section 3643, which provides: [Here follow the provisions of said section.] Defendant further alleges that in the performance of the contract sued on in this cause the plaintiff corporation was doing business in the state of Alabama without having complied with the provisions of the Constitution and statutes hereinabove set out, and the plaintiff corporation cannot maintain this action."

The replication to the plea was as follows: "Plaintiff says, by way of replication to said plea, that before beginning or doing any work in Alabama the plaintiff's president inquired of an attorney of defendant, in the presence of the president of defendant company, if it was necessary for him to file any papers in Alabama for defendant to do the work in Alabama, and that the said attorney informed him that it was not; that the said

[American Amusement Company v. East Lake Chutes Company.]

attorney was at the time the attorney of defendant; that the said work was done and the materials furnished.according to agreement, and the defendant never at any time objected to the work nor materials furnished before completion; and that after receiving the benefits of said agreement defendant is estopped from setting up said plea." The other replication appears in the opinion.

HERBERT JACKSON, and FRANK S. ANDRESS, for appellant. The transaction was interstate, and not subject to the laws of Alabama.—*Robbins v. Shelby Taxing District,* 120 U. S. 489; *Lamoine L. & T. Co. v. Kesterton,* 171 Fed. 980, and authorities there cited; *Milan Milling Co. v. Gorton,* 93 Tenn. 590; *Holder v. Altmna M. Co.,* 169 U. S. 82; *Horn S. M. Co. v. New York,* 143 U. S. 305; *Edison G. E. Co. v. Canadian Pac.,* 24 L. R. A. 315. Attention is also specially called to the following·Alabama cases.—*Nelms v. Mortgage Co.,* 92 Ala. 157; *Ware v. Hamilton Co.,* 92 Ala. 145; *Cook v. Rome Brick Co.,* 98 Ala. 409; *Culbertson v. A. & T. B. Co.,* 107 Ala. 457. The transaction did not constitute the doing of business in the state.—*Cooper Mfg. Co. v. Ferguson,* 113 U. S. 728; *Jackson v. The State,* 50 Ala. 141. Appellee was estopped under the facts and circumstances. —*Johnson v. Masonic Lodge,* 106 Ky. 842, and cases there cited. Estoppel is no longer regarded with disfavor.—*Caldwell v. Smith,* 77 Ala. 157.

A. LATADY, for appellee. The jurisdictional facts necessary to an appeal do not appear.. 1st, for invalidity of the security for costs.—*Henson v. Pressler,* 27 Ala. 643; and 2nd, for want of proper compliance with section 3017, Code 1907.—*Long v. Holley,* 47 South. 655.

SOMERVILLE, J.—The plaintiff sues the defendant for money alleged to be due for work and labor done and materials furnished for and to the defendant under a certain contract between the parties for the improvement of certain real estate belonging to the defendant in Jefferson county, Ala. For defense the defendant pleads specially that plaintiff is a foreign corporation, and that in performing the contract sued on plaintiff was doing business in the state of Alabama without having complied with the requirements of section 232 of the Constitution and sections 3642 and 3643 of the Code of Alabama.

1. This plea unquestionably states a good defense to the action, and, if supported by proof, would have entitled the defendant to judgment. The demurrers to the plea were properly overruled.—*A. W. R. Co. v. Talley-Bates Const. Co.*, 162 Ala. 396, 50 South. 341; *Ware v. H. B. Shoe Co.*, 92 Ala. 145, 9 South. 136.

2. The plaintiff replied specially to this plea, alleging that it "was engaged in an interstate transaction, in that the order was taken by the plaintiff for the entire equipment sued for herein, which was one complete machine and attachments, then situated in the state of Virginia, and the same was by plaintiff transported to the state of Alabama from the state of Virginia, and was assembled and erected by plaintiff in said state of Alabama." It is evident that, had the transaction in question involved no more than the sale and delivery of the machinery by the plaintiff to the defendant in Alabama, it would have been an act of interstate commerce, to which the laws of Alabama are not and could not be applicable. But the contract was not for the sale of machinery. It was an entire contract for transporting and assembling (that is, building into a structure) certain materials on the defendant's premises. This in-

cluded, as set forth in the complaint, and replication, both labor and materials; and the fruition of the contract was not the delivery of an article of commerce to the defendant, but the erection of an improvement on its premises for a gross consideration.—*Beard's Case,* 71 Ala. 60.

In doing this there can be no doubt but that the plaintiff was doing business in Alabama, became subject to its laws with respect thereto, and was not within the protection of the principles that render interstate commerce immune against local regulation. Certainly labor is not an article of commerce, nor is the agreement to supply it, nor the execution of the agreement, an act of commerce. The demurrer to this replication was therefore properly sustained.—*Ware v. H. B. Shoe Co., supra; Paul v. Virginia,* 8 Wall. 183, 19 L. Ed. 357. Viewed solely from the standpoint of the individuals concerned, the apparent result of this conclusion is, it must be conceded, abhorrent to the judicial conscience. But we cannot so view the case, and are bound by their settled policy to give full effect to these laws of the state, regardless of results to individuals.—*A. W. R. Co. v. Talley-Bates Const. Co.,* 162 Ala. 402, 50 South. 341.

3. The opinion of the defendant's attorney that the plaintiff need not file any papers in Alabama before doing the stipulated work, though expressed to the plaintiff's agent in the presence of the defendant's agent, could not estop the defendant from invoking the application of the laws here considered; nor could such an opinion, whether deceitfully or honestly expressed, though it were accepted and acted on in good faith, excuse the plaintiff from the performance of the public duties enjoined upon him by law. And it is equally true that the defendant's acceptance of the work, with-

out complaint of the plaintiff's derelictions in the premises, could not avail to suspend the operation of the laws. The special replication setting up these matters in avoidance of the special plea was, therefore, subject to the demurrer interposed thereto by the defendant, as correctly ruled by the trial court.

It results that there is no error shown by the record, and the judgment must be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.