# George M. Muller Manufacturing Co. v. First National Bank of Dothan.

### *Bill to Enforce Material-Man's Lien.*

(Decided February 8, 1912.   57 South. 762.)

1. *Corporations; Foreign; Doing Business; Compliance With State Law.*—A foreign corporation is absolutely prohibited from doing a single act within the state which is done in the exercise of its corporate functions, and cannot sue in this state unless it has complied with the requirements of sections 3642 and 3644, Code 1907.

2. *Same; Doing Business.*—Where a foreign corporation entered into a contract to furnish materials and construct certain fixtures in defendant's bank building in Alabama, involving the erection or changing of brick walls, putting on finishing plaster, and furnishing and constructing different articles making up the furniture and fixtures of the bank, such work constituted doing business within the state, and the corporation not having complied with the statute regulating foreign corporations, could not maintain a suit to enforce a lien for such work and fixtures.

APPEAL from Houston Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by the Geo. W. Muller Manufacturing Company against the First National Bank of Dothan to enforce a lien for supplies and labor in a building. Decree for respondent, and complainant appeals. Affirmed.

The bill alleges that the complainant is a corporation, organized under the laws of the state of Georgia and doing business in the city of Atlanta, and that the respondent is a corporation, organized under the laws of Alabama and doing business in Dothan, Ala. It is alleged that a certain contract was entered into between the said corporations, wherein complainant was employed by respondent to furnish certain marble trimmings and other fixtures for the purpose of erecting in the interior of the bank building a set of bank fixtures, counters, offices, cages, and trimmings, at and for a certain

price; that this contract was afterwards amended and modified by mutual agreement in writing; and that during the progress of the work certain parol agreements, altering or amending the contract, were entered upon. The contract, together with the written amendments or alterations, was set out as an exhibit to the bill and the parol agreements were made the subject of certain paragraphs. It is then alleged that certain payments had been made on the contracts and that there remains due for the building, fixtures, and improvements, and materials used therein, and for the work in improving and beautifying the same, the net amount of $8,228.87. Then follow averments as to filing of the lien in the probate office, etc., which is also made an exhibit to the bill. The schedule of the work to be furnished was also attached, and showed the building of brick walls, the putting on of finished plaster, and the furnishing of a great many different articles going to make up the fixtures and furniture of a bank, and the putting of them into place. The demurrers raise the question discussed in the opinion, together with the right of the bank to make such a contract.

ALBERT E. PACE, and W. L. LEE, for appellant. Under the allegations made by the bill the court improperly construed the contract, and therefore, improperly sustained the demurrers to the bill.—*Dudley v. Collier*, 87 Ala. 431; *Christian v. A. F. L. M. Co.*, 89 Ala. 198; *Farrier v. N. E. M. & S. Co.*, 88 Ala. 278; *Mylan M. & M. Co. v. Gorton*, 26 L. R. A. (O. S.) 135.

ESPY & FARMER, for appellee. Demurrer was the proper way to raise the question of the failure of the bill to allege that the foreign corporation had complied with secs. 3642 and 3644, Code 1907.—3 Mayf. 808.

[George M. Muller Mfg. Co. v. First National Bank of Dothan.]

The contract was void, and as long as it is executory, the courts will not lend any aid to its enforcement.—*Wadsworth v. Duncan,* 117 Ala. 661; *Ala. W. R. R. Co. v. Talley-Bates Construction Co.,* 162 Ala. 396; *American Amus. Co. v. East Lake Chutes Co.,* 56 South. 962, and cases cited by appellant.

ANDERSON, J.—A foreign corporation which has not complied with the requirements of sections 3642 and 3644 of the Code of 1907 is prohibited from doing a single act of business in this state, if done in the exercise of its corporate function, and said corporation cannot sue in this state until it has put itself in a position to be sued therein by complying with said sections of the code.—*Ala. Western Ry. v. Talley-Bates & Co.,* 162 Ala. 396, 50 South. 341; *Sullivan v. Timber Co.,* 103 Ala. 371, 15 South. 941, 25 L. R. A. 543; *Farrior v. New Eng. Mtg. Co.,* 88 Ala. 275, 7 South. 200; *American Amusement Co. v. East Lake Co.,* 174 Ala. 526, 56 South. 961.

If a bill filed by a foreign corporation shows upon its face that it did business in this state, and upon which the relief sought is predicated, it should aver a compliance with the Constitution and statutes of this state before entering upon or engaging in said business, and which is a condition precedent to relief, and the bill is demurrable if it omits this essential averment.— *Christian v. Am. Freehold Mtg. Co.,* 89 Ala. 198, 7 South. 427; *Farrior v. New Eng. Mtg. Co., supra.* Indeed, counsel for appellant concede the correctness of this rule, but contend that it has no application to the case at bar, for the reason that the bill does not show such a doing of business as is contemplated by the statute—that there was merely a sale of material to be delivered to respondent and placed in its banking house

by the complainant. The contract shows more than an ordinary sale, and in its entirety covers the furnishing of material and the erection of same in a specified manner, as well as many other acts, such as the construction of brick wall, wainscoting, tinting, and the doing of divers things, in addition to supplying the material, and therefore includes the doing of business in this state as previously defined by this court. —*American Amusement Co. v. East Lake Co., supra; Beard's Case,* 71 Ala. 60.

These statutes were enacted to give force and effect to section 232 of the Constitution of 1901, and were intended as a police protection to the property interests of the citizens of the state, and the enforcement of same by the courts of the land is imperative, notwithstanding the result, in some instances, may appear horrible and be abhorent to the judicial conscience.

The decree of the chancery court must be affirmed.

Affirmed. All the Justices concur.