# E. A. Foy Company *v.* Haddock.

*Bill to Enforce Material-man's Lien.*

(Decided February 11, 1915.   67 South. 978.)

*Commerce; Foreign; Sales; Statutes.*—The bill which alleges the sale of lightning rods by complainant to defendant on a written order made by defendant, and directed to complainant at its place of business in Ohio, and that such order was to be filled by a shipment of the lightning rods from such place of business, and delivered to defendant under such written order at his home in Alabama, showed only an interstate transaction, and was not demurrable for a failure to show a compliance with the laws of the state, qualifying complainant, a foreign corporation, to do business in this state, notwithstanding the bill further alleged that the lightning rods were placed on defendant's barn on the day of the delivery, and were to be paid for when so placed, and that they became an improvement or repair upon the barn; the later averment being for the purpose of establishing a lien and not to charge that the lightning rods were to be erected by complainant under the terms of the contract of sale, such as to become an inseparable obligation thereunder.

APPEAL from Lauderdale Chancery Court.·

Heard before Hon. W. H. SIMPSON.

Bill by A. E. Foy Company against John H. Haddock to declare a lien on a barn and an acre of land. Judgment sustaining demurrer to the bill, and complainant appeals, Reversed, rendered, and remanded.

The case made by the bill is that complainant is a corporation organized under the laws of the State of Ohio, having its principal place of business at Cincinnati, in said state; that John Haddock is a resident citizen of Lauderdale county, and on September 4, 1911, the orator sold Haddock 143 feet of lightning rod to be used on the barn of defendant located on the land hereinafter described in repairing, altering, or beautifying same; that the lightning rod was delivered and placed on the barn to repair, alter, or beautify the same, for which defendant agreed to pay orator the

sum of $50.05, and on November 1, 1911, defendant became indebted to orator in that amount. The bill then proceeds to describe the acre of land on which the barn was located, and sets out as an exhibit a statement claiming a lien on the land and barn therein described, and filed and recorded in the office of the judge of probate. The allegation of the bill as to the sale is as follows: "The said lightning rods were sold to defendant by orator on a written order made by defendant and directed to orator at its place of business in Cincinnati, Ohio, which said order was solicited by an agent of orator, and the order was to be filled by a shipment of said lightning rods from orator's place of business in Cincinnati, and delivered to defendant under said written order at his home in Lauderdale county, Ala., according to the terms of said written order therefor," etc.

The demurrers raise the proposition that complainant was a foreign corporation at the time it made the contract, and had not qualified to do business in this state, as required by the Constitution and statutes thereof, and that the contract alleged and set up constituted the doing of business in this state contrary to law.

GEORGE P. JONES, for appellant.

R. T. SIMPSON, for appellee.

ANDERSON, J.—The amended bill shows nothing more than an interstate transaction involving the sale and delivery in Alabama of a certain number of feet of lightning rods, to be delivered at the residence of the respondent, and to be used upon his barn, and therefore brings the transaction within the influence of the case of *Dozier v. State of Alabama*, 218 U. S. 124, 30

Sup. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264. In discussing this question it was said by SOMERVILLE, J., speaking for the court in the case of *American Amusement Co. v. East Lake Co.*, 174 Ala. 526, 56 South. 961: "It is evident that, had the transaction in question involved no more than the sale and delivery of the machinery by the plaintiff to the defendant in Alabama, it would have been an act of interstate commerce, to which the laws of Alabama are not, and could not be, applicable. But the contract was not for the sale of machinery. It was an entire contract for transporting and assembling (that is, building into a structure) certain materials on the defendant's premises."

The bill does aver that the lightning rod was placed upon the respondent's barn the day of the delivery, and was to be paid for when so placed, and that it became an improvement or repair upon said barn, and which was essential to the fixing of a lien upon said barn and lot, and this averment was evidently for the purpose of showing a lien which the bill was seeking to enforce, and not to charge that it was to be erected by the complainant under the terms of the contract of sale so as to become an inseparable obligation thereunder, and thus bring the transaction under the influence of the case of *Muller v. First Nat'l Bank of Dothan*, 176 Ala. 229, 57 South. 762. Nor does the averment that the complainant was to be paid for the rods when placed upon the barn expressly charge or necessarily imply that it was a part of the complainant's contractual duty to erect the rods upon the barn as a part of the contract of sale and purchase.

As the bill shows an interstate transaction, and does not charge the doing of business in Alabama such as to take it from the protection of interstate matters by doing business in Alabama, it was not demurrable for

failing to aver a compliance with the laws of this state as a condition precedent to a recovery of the purchase price of the rods and the enforcement of a lien for same.

The decree of the chancery court sustaining the demurrer to the bill is reversed, and one is here rendered overruling same, and the cause is remanded.

Reversed, rendered and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.