# Hurst v. Fitz Water Wheel Co.

### Assumpsit.

(Decided May 18, 1916.   Rehearing denied June 30, 1916.
72 South. 314.)

1. Commerce; Foreign; Interstate.—The constitutional and statutory requirements as to foreign corporations doing business in Alabama are not applicable to such foreign corporations while engaged in interstate commerce.

2. Corporations; Foreign; Place of Contract.—A plea setting up that defendant entered into a contract in Alabama, is insufficient to establish that the contract was made here as plaintiff may have agreed to it elsewhere; the question being raised by special demurrer.

3. Pleading; Conclusion; Doing Business.—An allegation that plaintiff, a foreign corporation, was doing business within the state, is the mere conclusion of the pleader.

4. Appeal and Error; Review; General.—Where the appellant did not designate any one plea as being sufficient, his argument being general and in support of all, and some of the pleas were unquestionably bad, the action of the trial court in sustaining a demurrer to the pleas will not be reversed.

5. Sales; Action; Price; Pleas.—As an answer to a seller's action for the price of goods, pleas which do not indicate whether they seek to abate the price because of fraud or breach of warranty, or to rescind the sale entirely, or to recover judgment against the plaintiff, are defective.

6. Depositions; Use as Evidence; Objection; Time.—Objections to interrogatories and answers come too late when made at the time the deposition was offered in evidence.

7. Appeal and Error; Harmless Error; Evidence.—The exclusion of evidence which could not have influenced the verdict is harmless.

APPEAL from Jefferson Circuit Court.
Heard before Hon. E. C. CROW.

[Hurst v. Fitz Water Wheel Co.]

Action by the Fitz Water Wheel Company against K. L. Hurst for the price of goods sold. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals.

BURGIN, JENKINS & BROWN, for appellant. W. K. TERRY, and CARMICHEAL & WINN, for appellee.

MAYFIELD, J.—Action on account for the price of a water wheel. The attempted defenses were that plaintiff was a foreign corporation, and that it had not complied with the constitutional and statutory provisions, conformity to which was necessary to entitle it to do business in this state, and breaches of warranty as to the capacity and efficiency of the wheel. There was no dispute as to the facts that plaintiff was a foreign corporation, and that it had not complied with the provisions of the Constitution, or of section 3642 of the Code, as to corporations doing business in Alabama. The disputed question which ought to have been raised and decided, was whether or not the contract, the foundation of the cause of action sued on, constituted, or contemplated, plaintiff's engaging in or transacting business within the state, and therefore whether or not the contract was within the provisions of the Constitution or of the statutes.

(1-3) The constitutional and statutory provisions under consideration were not intended and cannot be made to interfere with, or to apply to, interstate commerce. They are purely police regulations of intrastate matters.—Am. Tel. Co. v. W. U. T. Co., 67 Ala. 26, 42 Am. Rep. 90; Ware v. Hamilton-Brown, 92 Ala. 145, 9 South. 136. The defendant attempted to raise this issue by special pleas. The trial court sustained demurrer to these pleas, and this ruling is assigned as error. These pleas, to say the best of them, were not certain or distinct averments of fact which showed an "engaging in or transacting of any business in this state" by the plaintiff. Construing the pleas most strongly against the pleader, especially when the defect or uncertainty is pointed out by a special demurrer, we are not prepared to say that the trial court erred in respect to this assignment. For example, the plea alleges that the agreement was entered into by the "defendant" in the state of Alabama. The plaintiff may have agreed in another state. While the pleas would be good in the absence of a special demurrer, the demurrer pointed out

defects which should have been cured by amendments. The allegation that "plaintiff was doing business in the state" was a mere conclusion of the pleader, and not the averment of facts set forth in the complaint to which the plea was an intended answer. In the case of *Amer. Amus. Co. v. East Lake Co.*, 174 Ala. 526, 56 South. 961, the complaint had set forth the facts, and hence the plea was not required to repeat them, but merely to answer them. Here, the complaint is in Code form, and merely declares on the common counts, and no facts had been set forth in the complaint or plea which would support the conclusion of the pleader. Every fact averred here may be true, and still it does not show that the plaintiff was engaging in, or transacting, business within the state in the sale or installation of the water wheel. In the case above referred to it was said: "It is evident that, had the transaction in question involved no more than the sale and delivery of the machinery by the plaintiff to the defendant in Alabama, it would have been an act of interstate commerce, to which the laws of Alabama are not and could not be applicable. But the contract was not for the sale of machinery. It was an entire contract for transporting and assembling (that is, building into a structure) certain materials on the defendant's premises. This included, as set forth in the complaint, and replication, both labor and materials; and the fruition of the contract was not the delivery of an article of commerce to the defendant, but the erection of an improvement on its premises for a gross consideration.—*Beard's Case*, 71 Ala. 60."

We are not prepared to extend the doctrine announced in the above case to the limit of holding that merely installing a piece of machinery in this state, or putting it together, when the sale would otherwise be interstate commerce, would be engaging in or transacting business within the state; but we do not now decide the question; because not necessary, for the reason that the plea had defects which the demurrer pointed out, and the court will not be put in error for sustaining the demurrer.

(4) The court also sustained demurrers to the special pleas as to breaches of warranties and false and fraudulent statements by the vendor in making the sale. There were eight or ten of these special pleas and there were scores of special grounds pointed out by demurrer, and the court sustained the demurrer generally to each of the pleas. The appellant does not point out to us any one of these pleas which was sufficient and not subject

[Hurst v. Fitz Water Wheel Co.]

to the demurrer, but the insistence is general and as applicable to one as to the other. Some of the pleas were unquestionably subject to several of the grounds of demurrer, and hence we must sustain the action of the court. The only insistence or argument is as follows:

"Assignments of Error 2 to 10, Both Inclusive.—Proposition 3: Misrepresentations by the vendor in the sale of chattels furnish ground of defense to an action for purchase money, or may support an action on the case for deceit, and it is not necessary to such defense or such action that the vendee has returned or offered to return, the property.—*Maxwell v. Sherman*, 172 Ala. 626, 55 South. 520, and authorities there cited."

(5) The trouble with the pleas is that they are uncertain, as to whether they merely seek to defend, by abating the purchase price on account of fraud or breach of warranty, or whether they seek to rescind the sale entirely, or whether they are pleas of set-off, or recoupment or in the nature thereof, and to recover a judgment over against the plaintiff. Some appear to be of one kind and some of another, and some partake of the nature of all three.

(6) The defendant's objections to interrogatories and answers came too late, even if there had been any merit in them. The bill of exceptions informs us as follows: "The defendant had not objected to any of the interrogatories at the time they were filed in court, or at the time of filing his cross-interrogatories, and the defendant objected for the first time to the deposition and to various interrogatories and answers thereto at the time of the trial when same were offered in evidence."

These objections, under our uniform rulings, came too late, not being made until the trial.—*Creel v. Keith*, 148 Ala. 233, 41 South. 780; 6 Mayf. Dig. 261.

(7) If the defendant had a right to introduce the answer to one only of his cross-interrogatories propounded to plaintiff's witness, the answer, if admitted, could not have influenced the verdict, and if error, was without injury. The question and answer were as follows: "Q. Do you know anything of your own knowledge about the installation of this particular water wheel? A. No; only from correspondence, and report of our expert, Mr. Lingg, who was sent to investigate."

There is nothing to show that this answer would have been relevant or material, there being no issue as to failure to comply

with constitutional or statutory provisions as to doing business in the state, and no issue as to breach of warranty.

We deem it unnecessary to discuss the other assignments of error; they are either wholly without merit, or covered by what we have said above.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.