# Puffer Manufacturing Co. *v.* Kelly.

### Assumpsit.

(Decided November 30, 1916.  73 South. 403.)

1. **Corporations; Foreign; Doing Business Without License.**—A foreign corporation which has not complied with §§ 3642-44 and 3651, Code 1907, may recover for the sale of a chattel complete in the hands of the vendor, although it may from convenience or necessity be transported membris dijectis to be set up or installed by the corporation, as the agreement to merely set up for use in the vendee's place of business is on its face an incident of the sale, and does not destroy its character as a single and individual act of interstate commerce, especially where the article sold is complex machinery or apparatus, the satisfactory operation of which must depend largely upon the nicety or perfection of its adjustment, as in such case an agreement to deliver the machinery in working order to the purchaser is a valuable trade inducement.

2. **Same; Local Business.**—A foreign corporation could recover for the price of a soda fountain when sold under a contract for installing, such act of installation not being an act of local business, divesting the sale and delivery of its character as an act of interstate commerce, notwithstanding such foreign corporation had not complied with the laws of Alabama.

3. **Same.**—Nor was such a sale converted into an act of local business by a subsidiary stipulation that the foreign corporation should take the vendee's old fountain in exchange as a part of the purchase price, and the contract required the corporation to take possession of the old fountain and pack and transport it out of the state; such exchange being but a mere mode of payment in part, the performance of which was not essential to the main transaction.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. Pearson.

Assumpsit by the Puffer Manufacturing Company against W. B. Kelly. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Ball & Samford, for appellant. Rushton, Williams & Crenshaw, for appellee.

SOMERVILLE, J.—The plaintiff, a Massachusetts corporation, sues to recover the purchase price for one complete soda fountain and appurtenances sold and shipped from its factory at Boston to the defendant at Montgomery, Ala. The defense upon which the trial hinged is that the plaintiff corporation was, under

its contract of sale, transacting business in Alabama without having complied with sections 3642-3644 and 3651 of the Alabama Code, which impose certain duties upon foreign corporations as a condition to their transaction of business within the state. It is shown that plaintiff has not qualified under these statutes to do any local business, and it is, of course, conceded that the mere sale and delivery of the soda fountain would have been interstate commerce, and not subject to local laws. The contract, however, provides that the vendor shall "install free, no plumbing or electrical work included," and, further, that the seller will take in exchange an old soda fountain and appurtenances in use by the vendee at Montgomery.

The decisive question, therefore, is whether these provisions, or either of them, contemplate and embrace, in their reasonable performance, the transaction of local business in Alabama as distinguished from an act of commerce between two states. In *Am. Amusement Co. v. East Lake Chutes Co.*, 174 Ala. 526, 56 South. 961, where the claim was for the price of labor and materials in the erection of an improvement on the defendant's property, including the transportation and assembling of a "complete machine and attachments" from Virginia to Alabama, we held that the performance of the contract was not merely the delivery of an article of commerce, but the erection of an improvement on the defendant's premises, and hence it was subject to local laws. That case is very clearly distinguishable from the instant case, and in the recent case of *Hurst v. Fitz Water Wheel Co.*, 197 Ala. 10, 72 South. 315, we said, in discussing the language and holding in the *Amusement Company Case*: "We are not prepared to extend the doctrine announced in the above case to the limit of holding that merely installing a piece of machinery in this state, or putting it together, when the sale would otherwise be interstate commerce, would be engaging in or transacting business within the state; but we do not now decide the question, because not necessary."

In *Muller Mfg. Co. v. Bank*, 176 Ala. 229, 57 South. 762, in accord with the ruling in the *Amusement Company Case*, we said: "The contract shows more than an ordinary sale, and in its entirety covers the furnishing of material and the erection of same in a specified manner, as well as many other acts, such as the construction of brick wall, wainscoting, tinting, and the doing of divers things, in addition to supplying the material, and there-

fore includes the doing of business in this state as previously defined by this court."

The question under consideration has been, in various forms, a frequent subject of decision in the American courts, and the consensus of judicial opinion is that the mere installation of machinery or other apparatus, including the assembly of its completed and adjusted parts, and its erection in its place for use, is but an incident of the sale, and is not, in that connection an act of local business, if the sale and delivery is itself an act of interstate commerce.—*Haughton El. & Mach. Co. v. Detroit Candy Co.*, 156 Mich. 25, 120 N. W. 18; *Patrick Co. v. Deschamp*, 145 Wis. 224, 129 N. W. 1096; *Wolf Co. v. Kutch*, 147 Wis. 209, 132 N. W. 981; *Leschen Rope Co. v. Moser* (Tex. Civ. App.) 159 S. W. 1018; *Flint, etc., Co. v. McDonald*, 21 S. D. 526, 114 N. W. 684, 14 L. R. A. (N. S.) 673, 130 Am. St. Rep. 735, 740; *Vulcan, etc., Co. v. Flanders* (D. C.), 205 Fed. 102; 12 R. C. L. p. 74, § 51; Ann. Cas. 1912A, note, 554; Ann. Cas. 1913E, note, 1154. See, also, *Smythe Co. v. Ft. Worth, etc., Co.*, 105 Tex. 8, 142 S. W. 1157, where the Texas court declined to pass on the question, and *York Mfg. Co. v. Colley* (Tex. Civ. App.), 172 S. W. 206, wherein the language in *Leschen Rope Co. v. Moser, supra*, is declared too broad. In *B.-C. Co. v. Carlyle Paper Co.*, 133 Ill. App. 61, it was held that an interstate sale and delivery of paper mill machinery was none the less a single act of commerce, although the vendor agreed to furnish a competent man for 30 days to assist in erecting the machinery at the vendee's mill. So in *Louisville Trust Co. v. Bayer, etc., Co.*, 166 Ky. 744, 179 S. W. 1034, 1036, it was held that: "The mere fact that the agent inspects and measures the building and the place where the machinery is to be installed in no wise affects the character of the transaction;" i. e., as an act of interstate commerce.

These cases seem to exemplify the general principle above stated.

By way of contrast, it may be noted that, in an interstate sale and delivery of lightning rods, the execution of an agreement by the vendor to attach the rods to the vendee's house was held to be the transaction of local business, and subject to a local law, imposing an occupation tax on "agents or dealers engaged in putting up or erecting lightning rods."—*Browning v. Waycross*, 233 U. S. 16, 34 Sup. Ct. 578, 58 L. Ed. 828. Speaking through Mr. Chief Justice WHITE, the court in that case said: "We are

of the opinion that the court below was right in holding that the business of erecting lightning rods under the circumstances disclosed was within the regulating power of the state, and not the subject of interstate commerce, for the following reasons:    (a) Because the affixing of lightning rods to houses was the carrying on of a business of a strictly local character, peculiarly within the   *   *   *   control of state authority.   (b) Because, besides, such business was wholly separate from interstate commerce, involved no question of the delivery of property shipped in interstate commerce, or of the right to complete an interstate commerce transaction, but concerned merely the doing of a local act after interstate commerce had completely terminated.   *   *   * It was not within the power of the parties by the form of their contract to convert what was exclusively a local business, subject to state control, into an interstate commerce business protected by the commerce clause."

The ratio decidendi is thus stated:

"It is manifest that if the right here asserted were recognized,   *   *   *   all lines of demarcation between national and state authority would be obliterated, since it would necessarily follow that every kind or form of material shipped from one state to another and intended to be used after delivery in the construction of buildings or in the making of improvements in any form would or could be made interstate commerce."

In conclusion, the Chief Justice significantly observes:   "Of course we are not called upon here to consider how far interstate commerce might be held to continue to apply to an article shipped from one state to another, after delivery and up to and including the time when the article was put together or made operative in the place of destination in a case where, because of some intrinsic and peculiar quality or inherent complexity of the article, the making of such agreement was essential to the accomplishment of the interstate transaction.   In saying this we are not unmindful of the fact that some suggestion is here made that the putting up of the lightning rods after delivery by the agent of the seller was so vital and so essential as to render it impossible to contract without an agreement to that effect, a suggestion, however, which we deem it unnecessary to do more than mention in order to refute it."

In *Gen. Ry. Co. v. Commonwealth,* 118 Va. 301, 87 S. E. 598, it was held that where a foreign corporation contracted "to fur-

nish certain materials, supplies, machinery, devices, and equipment, as well as all necessary labor, and to install, erect, and put in place certain signals and apparatus, * * * from Amherst to Whittles, Va., 58 miles, and to 'complete the entire system and turn same over to the railway company as a finished job,' subject to inspection and acceptance, for $85,597." The completed structures being permanently attached to the freehold on concrete bases, it was held that the transaction was not interstate commerce, and the materials involved were held subject to local taxation. The court recognized the general principle that installation may often be a mere incident of the interstate sale of goods, so as not to constitute separate local business, but observed that the contract and its incidents "plainly show that the main purpose expressed was to erect, install, and complete the signal system in Virginia, and that the furnishing of the material was the necessary and preliminary incident of the contract," thus reversing the ordinary situation. In *York Mfg. Co. v. Colley* (Tex. Civ. App.), 172 S. W. 206, an interstate contract for the sale and installation of the machinery and apparatus for a complete ice plant, the work covering a period of about three weeks, during which the vendor kept possession and control, and operated it one week before its acceptance by the purchaser, was held not to be interstate commerce, but the transaction of local business. In *Imperial Curtain Co. v. Jacob*, 163 Mich. 72, 127 N. W. 772, it was held that a foreign corporation's undertaking to furnish an advertisement and keep it displayed for three years in a local theater involved the doing of local business, and was not enforceable in the absence of qualification by the plaintiff under local regulations. But the court further observed: "If this contract had been simply for the manufacture in Philadelphia of an advertisement, and the installation of the same in the theater, a different question would be presented."

We do not discuss certain cases cited in the briefs, in which the decision seems to turn upon the proposition that a single act, whether local or not, does not offend a statute which regulates the carrying on of business.—*Milan Milling Co. v. Gorten*, 93 Tenn. 590, 27 S. W. 971, 26 L. R. A. 135; *Mergenthaler Linotype Co. v. Hayes*, 182 Mo. App. 113, 168 S. W. 239.

It is clear that, although the general principles which have guided the courts in these various decisions may be easily stated,

no inflexible rule can be prescribed for all cases, and each must be decided upon its own peculiar facts.

(1) If there is a sale of a chattel, complete in the hands of the vendor, although it may, from convenience or necessity, be transported membris dijectis, an agreement to merely set it up ready for use in the vendee's place of business is upon its face but an incident of the sale, which ought not to destroy its character as a single and indivisible act of interstate commerce. This is especially true where the manufacturer of complex machinery or apparatus, the satisfactory operation of which must largely depend upon the nicety or perfection of its adjustments, agrees to deliver it in working order to the purchaser. Such an agreement is a valuable trade inducement, and is a reasonable and legitimate incident of the sale itself. But this conclusion may be defeated by various considerations, viz., by the character of the article as a permanent improvement to the freehold, by the nature and extent of the labor required for its adaptation and preparation for use, and the time and conditions under which it is turned over to the purchaser after its arrival.

(2) Upon a very full consideration of the present case we are constrained to hold that plaintiff's agreement to install the soda fountain and its appurtenances in defendant's place of business at Montgomery was a reasonable incident of its sale, and with it constituted a single act of interstate commerce.

(3) We are of the opinion, also, that the subsidiary stipulation that plaintiff should take defendant's old fountain in exchange in abatement of the purchase price in no wise affects the result. Conceding that the contract required plaintiff to take possession of the old fountain in Montgomery, and pack and transport it to Massachusetts, nevertheless this was also a mere incident to an act of interstate commerce, and not a separable act of local business. Moreover, the exchange of the old fountain was but a mode of payment in part, the performance of which was not essential to the completion of the main transaction, and the enforcement of which is not involved in this suit.

The rulings of the trial court upon the pleadings and in the giving of the general affirmative charge for defendant are not in accord with the conclusions above stated, and the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.