(89 South. 372)

**CABLE PIANO CO. v. ESTES. (7 Div. 187.)**

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

**1. Sales ⬤⇒469—Reservation of title is more than a lien.**

Reservation of title in the seller is more than a lien and prevents title vesting in the buyer till purchase price is fully paid.

**2. Sales ⬤⇒479(1)—Proper remedy on default of buyer under conditional sale.**

Detinue is a proper remedy for repossession by a seller where an article is sold with reservation of title, and the buyer defaults in payment.

**3. Detinue ⬤⇒25—Judgment entry held to sufficiently assess the value of the property.**

The judgment entry in detinue *held* to sufficiently assess the damages in compliance with Code 1907, § 3781.

**4. Principal and agent ⬤⇒120(3)—Subsequent letter of principal competent to show agency.**

As tending to show the agency of S., who as agent of plaintiff sold to defendant, a subsequent letter of plaintiff to defendant requesting payment to "our agent, S.," is competent.

**5. Corporations ⬤⇒661(2)—Foreign corporations may not recover on contract made in state without having complied with statute and Constitution.**

The pleadings and evidence showing that plaintiff was a foreign corporation, with its principal place of business without the state, and that its contract of conditional sale relied on for recovery was an Alabama contract, and failing to show that before the date of the contract it had done what under Code 1907, § 3642, and Const. 1901, § 232, it was necessary for it to do before it could do business in the state, it cannot recover.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by the Cable Piano Company against W. D. Estes. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The contract was the usual conditional sales contract retaining title in the seller until the amount due was paid, and providing for retaking the property in case of a failure to pay the notes when due. Plea ·F· sets up the exchange of any organ for the piano and an agreement with one Sosebee, the agent selling the piano, to take on the defendant as a subagent and the use by the selling agent of the time of the defendant and defendant's team in the business of the plaintiff and a small commission on each sale, the services rendered, the commissions earned, the readiness on defendant's part to complete his said contract, and the failure of the plaintiff to give him credit for his time, his team, and his commissions, all of which he says was the contract he made with the agent and under which the sale of the piano was made.

Hugh White, of Gadsden, for appellant.

Plea F was subject to demurrer. 110 Ala. 294, 18 South. 302; 31 Cyc. 217; 119 Ala. 424, 24 South. 421. Parol testimony cannot be used to vary the terms of a written contract. 24 Ala. 446, 60 Am. Dec. 482; 49 Ala. 86; 54 Ala. 490.

Hugh Reed, of Center, for appellee.

The parol evidence rule relates only to valid written contracts, and as plaintiff was not in position to do business in Alabama, the cases cited are without application. 22 C. J. 1144. It follows that in no, event is the plaintiff entitled to recover. 88 Ala. 275, 7 South. 200; 176 Ala. 229. 50 South. 762; 174 Ala. 526, 56 South. 961; 193 Ala. 364, 69 South. 574.

THOMAS, J. The action was of detinue, in two counts, based upon an alleged conditional sale contract in writing. The contract purporting to retain title to property sued for is exhibited as a part of count two. Demurrer eliminated all of defendant's pleas except the general issue and special plea F.

[1, 2] In this state it is the law that a reservation of title is more than a lien in the holder of the title. The reservation prevents the title from vesting in the party contracting for the purchase until its purchase price is fully paid. And on default detinue is a proper remedy for its repossession by the vendor. Alexander v. Mobile Auto Co., 200 Ala. 586, 588, 76 South. 944; Bishop v. Minderhout, 128 Ala. 162, 29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134.

[3] By statute it is provided that upon the trial of an action in detinue the jury must, if they find for plaintiff (1) assess the value of each article separately, if practicable, and (2) also assess damages for its detention; and if they find for the defendant (a) they must likewise assess the value; and (b) if it is in the possession of the plaintiff, assess the damages for its detention. The burden is on the plaintiff to show the value of the property sued for and the value of its detention by defendant, if recovery is to be had for such detention. The evidence shows that the property sued for "is reasonably worth the sum of $100"; that the same was taken by plaintiff as provided by statute and retaken by defendant by giving bond, etc., as required by statute. Code 1907, §§ 3780, 3781; Gwin v. Emerald Co., Inc., 201 Ala. 384, 78 South. 758; Montgomery Enterprises v. Empire Theater, 204 Ala. 566, 86 South. 880; Nixon v. Smith, 193 Ala. 443, 69 South. 117. The judgment entry sufficiently

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

assesses the value of the property, its alternate value, in compliance with the statute.

[4] The contract under which plaintiff seeks to rest its retention of title and right of recovery of possession of the property sued for stipulated that the contract made with the salesman was "subject to the acceptance of the Cable Piano Company, and contains all the agreements pertaining thereto, and no agent or salesman is authorized * * * to make any promise or contract differing in any wise from that which is written or printed hereon." The subsequent transaction or correspondence between plaintiff and defendant was competent as tending to show the agency and extent thereof of O. E. Sosebee pertaining to the sale of the piano for the plaintiff and subsequent collection for the amount due on the contract, if such contract was binding under the facts of the particular case. In plaintiff's letter of date January 13, 1915, a short while after the maturity of the first note, was the request that payment of the amount due be made to "our agent Mr. Sosebee, on receipt of this letter." Lawrenceburg Roller Mills Co. v. Jones, 204 Ala. 59, 85 South. 719.

[5] Appellee further insists that, aside from the several rulings of the court, in which it was insisted there was error, in no event was appellant entitled to recover, and, whatever action of the trial court was erroneous, it would be without injury. Lawrenceburg Roller Mills Co. v. Jones, supra. Amended count 2 avers that plaintiff was a body corporate, exhibits an Alabama contract of conditional sale by which the title was sought to be reserved in plaintiff, and locates the situs or home of plaintiff corporation at the time of the contract as being in Atlanta, Ga.

Since the pleading and evidence show that plaintiff was a foreign corporation with its principal place of business without the state, that the contract was an Alabama contract, and fail to aver and show a compliance with the laws of this state by said corporation before and at the date of the contract, it falls within the provisions of sections 3642–3645 of the Code of 1907, and section 232 of the Constitution of 1901—that is, self-executing. Farrior v. New England Mortgage Security Co., 88 Ala. 275, 277, 7 South. 200; Christian v. Am. F. Land Mortgage Co., 89 Ala. 198, 7 South. 427; State v. Bristol Savings Bank, 108 Ala. 3, 18 South. 533, 54 Am. St. Rep. 141; Muller Mfg. Co. v. First National Bank of Dothan, 176 Ala. 229, 231, 57 South. 762; Peters v. Brunswick Co., 6 Ala. App. 507, 511, 60 South. 431; Coburn v. Coke, 193 Ala. 364, 69 South. 574. Where the bill or complaint does not show the facts of nonresidence at the date of the contract on which the suit is based, to be available as a defense the fact must be raised by a plea. Ashurst v. Arnold-Henegar-Doyle Co., 201 Ala. 480, 78 South. 386; American Amusement Co. v. East Lake Chutes Co., 174 Ala. 526, 56 South. 961. The instrument under which plaintiff based its title and right of possession was in contravention of law, and appellant was not entitled to recover thereon. For this reason the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.