(98 South. 314)

### Ex parte JONES et al.

### JONES et al. v. MOSBY, BAGLEY & CO., Inc.

### (8 Div. 625.)

(Supreme Court of Alabama. Dec. 6, 1923.)

l. Corporations ⟜672(4)—Pleading of invalidity of transaction of foreign corporation held insufficient.

A pleading attacking the validity of the transfer of a note because the transferee, a foreign corporation, had not domesticated, though it alleged that the corporation at the time it received the note was doing business in the state, was defective for failure to allege that the transfer or the contract on which it was based was made within the state, nor could such fact be supplied by an inference sufficient as against an appropriate demurrer.

2. Pleading ⟜8(6)—Pleading conclusion of invalidity of transfer of note to foreign corporation held insufficient.

Pleadings setting up the invalidity of the transfer of a note because the transferee, a foreign corporation, had not domesticated, which alleged that the note had been received in the course of the transferee's business in the state, *held* insufficient for failure to al-

lege facts and circumstances showing the acquisition in violation of law; the allegations made being mere conclusions of the pleader.

**Certiorari to Court of Appeals.**

W. T. Jones and another petition the Supreme Court for writ of certiorari to the Court of Appeals, to review and revise the judgment and decision of that court in the case of W. T. Jones et al. v. Mosby, Bagley & Co., 98 South. 313.

Writ denied.

R. B. Patton, of Athens, for appellants.

All contracts or undertakings with or by a foreign corporation, which has not obtained a permit to do business in this state and paid the franchise tax required, are null and void. Code 1907, § 3642 et seq; Citizens' Bank v. Buckheit, 14 Ala. App. 511, 71 South. 82; Geo. W. Muller Co. v. First Nat. Bank, 176 Ala. 229, 57 South. 762; Ala. West. Ry. v. Talley-Bates Co., 162 Ala. 396, 50 South. 341; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 South. 403; Langston v. Phillips, 206 Ala. 174, 89 South. 523; American Co. v. East Lake Co., 174 Ala. 526, 56 South. 961; Ware v. H. B. Shoe Co., 92 Ala. 145, 9 South. 136.

J. G. Rankin, of Athens, for appellee.

No brief reached the Reporter.

ANDERSON, C. J. Each of the special pleas goes to the validity of the assignment of the note and the plaintiff's ownership, and not to the validity of the note itself; and whether or not the pleas should have been verified, as required by section 5332 of the Code of 1907, we need not decide, as this point has not been raised against said pleas.

[1] While pleas 1 and 2 set up that the plaintiff is and was a foreign corporation doing business in Athens, Ala., at the time the note was received and the contract of sale of the cotton was made, they fail to aver specifically that the assignment and contract, one or both, were made in Alabama, and this fact cannot be read into them, except by way of inference, which will not suffice when the point against the same is taken by an appropriate demurrer.

[2] Pleas 3 and A do allege that the note did come into the possession of the plaintiffs in the course of their business operations in Alabama, that this is but a conclusion of the pleader, as the facts and circumstances connected with the assignment of the note should be set out to the extent of showing that the said note was acquired in violation of the law. True, these pleas may be as full as the one upheld in the case of American Co. v. East Lake Co., 174 Ala. 526, 56 South. 961, but the complaint there showed that the work and labor done and materials furnished were in Jefferson county, Ala., and

the plea was sufficient as addressed to said complaint: but the complaint here does not set up that the note was assigned in Alabama, or that the contract out of which said assignment arose was made in Alabama.

The Court of Appeals did not err in holding that the trial court did not commit reversible error in sustaining the demurrer to these pleas, and the writ is denied.

Writ denied.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.