Each of the special pleas goes to the validity of the assignment of the note and the plaintiff's ownership, and not to the validity of the note itself; and whether or not the pleas should have been verified, as required by section 5332 of the Code of 1907, we need not decide, as this point has not been raised against said pleas.
While pleas 1 and 2 set up that the plaintiff is and was a foreign corporation doing business in Athens, Ala., at the time the note was received and the contract of sale of the cotton was made, they fail to aver specifically that the assignment and contract, one or both, were made in Alabama, and this fact cannot be read into them, except by way of inference, which will not suffice when the point against the same is taken by an appropriate demurrer.
Pleas 3 and A do allege that the note did come into the possession of the plaintiffs in the course of their business operations in Alabama, that this is but a conclusion of the pleader, as the facts and circumstances connected with the assignment of the note should be set out to the extent of showing that the said note was acquired in violation of the law. True, these pleas may be as full as the one upheld in the case of American Co. v. East Lake Co., 174 Ala. 526, 56 So. 961, but the complaint there showed that the work and labor done and materials furnished were in Jefferson county, Ala., and the plea was sufficient as addressed to said complaint; but the complaint here does not set up that the note was assigned in Alabama, or that the contract out of which said assignment arose was made in Alabama.
The Court of Appeals did not err in holding that the trial court did not commit reversible error in sustaining the demurrer to these pleas, and the writ is denied.
Writ denied.
SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.