144 So. 29
### GRAY–KNOX MARBLE CO. v. TIMES BLDG. CO. et al.
8 Div. 403.

Supreme Court of Alabama.
Oct. 6, 1932.

Rehearing Denied Nov. 10, 1932.

Cooper & Cooper, of Huntsville, for appellant.

Taylor, Richardson & Sparkman, of Huntsville, for appellees.

BOULDIN, J.

The bill was filed to enforce a mechanic's lien upon the Times Building in the city of Huntsville.

Among other defenses set up by respondent was that the demand arose from engaging in business in Alabama, and the complainant, a foreign corporation, had not qualified to do business as required by the Constitution and laws of this state.

The trial court, in a carefully prepared opinion, sustained this defense.

The Times Building Company let to Earl Cline the contract for the erection of an eleven-story building (later raised to twelve stories) according to plans and specifications prepared by the architects.

The plans and specifications called for considerable interior marble work, mainly marble wainscot on marble base in the corridors throughout the building.

Cline, the contractor, sublet the marble work to complainant, Gray-Knox Marble Company, of Knoxville, Tenn. This company contracted to "furnish and set the interior marble" for such building in accordance with the plans and specifications for an agreed sum in gross.

Complainant fully performed its contract, and the greater part of the price has never been paid.

Complainant, a foreign corporation, never qualified to do business in Alabama.

It is insisted that the demand arose in interstate commerce; that, therefore, there was no doing of business in Alabama within the inhibition of our laws. The facts upon which such insistence is grounded are substantially these:

As contemplated by the contract, the marble was quarried, cut to dimensions, polished, and fitted, ready to be set in place, at appellant's plant in Knoxville, Tenn.; was then numbered, crated, and shipped to Huntsville. Nothing remained except to set the marble in place. All floor work was to be set in cement; wainscot to be anchored into the walls with copper, brass, or aluminium wire, and set in plaster of paris. Marble finish of this sort requires an expert or skilled workman to set same in a proper manner. Complainant sent a skilled workman for the pur-

pose. The cost of setting the marble, including wages of skilled and common labor and other material, was approximately 20 per cent. of the total outlay of complainant.

Appellant contends that in essence this was a sale and transportation of a manufactured and finished product in interstate commerce; that the setting of the marble was merely an installation, incident to and in furtherance of interstate commerce, all within the protection of interstate commerce laws.

Upon the sale and delivery of machinery or other apparatus in interstate commerce, the assembly of its parts, installation, setting up, testing, or demonstration of its operation, may all be regarded as incident to and in furtherance of one transaction in interstate commerce.

This rule is well stated by Mr. Justice Somerville in our case of Puffer Manufacturing Co. v. Kelly, 198 Ala. 131, 136, 73 So. 403, 405, involving the sale and installation of a soda fountain, wherein it was said: "If there is a sale of a chattel, complete in the hands of the vendor, although it may, from convenience or necessity, be transported membris disjectis, an agreement to merely set it up ready for use in the vendee's place of business is upon its face but an incident of the sale, which ought not to destroy its character as a single and indivisible act of interstate commerce. This is especially true where the manufacturer of complex machinery or apparatus, the satisfactory operation of which must largely depend upon the nicety or perfection of its adjustments, agrees to deliver it in working order to the purchaser. Such an agreement is a valuable trade inducement, and is a reasonable and legitimate incident of the sale itself. But this conclusion may be defeated by various considerations, viz., by the character of the article as a permanent improvement to the freehold, by the nature and extent of the labor required for its adaptation and preparation for use, and the time and conditions under which it is turned over to the purchaser after its arrival." See, also, Hurst v. Fitz Water Wheel Co., 197 Ala. 10, 72 So. 314. To like effect is York Manufacturing Co. v. Colley, 247 U. S. 21, 38 S. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611, involving the sale, installation and testing of an ice plant; also, Aeolian Co. v. Fischer (C. C. A.) 40 F.(2d) 189, and Palmer v. Aeolian Co. (C. C. A.) 46 F.(2d) 746, each involving the sale and installation of a pipe organ.

We cannot concur in the view that the instant case is within the rule relied upon. This is simply and in essence a construction contract for the erection in part of a building in Alabama. The marble wainscot was incorporated into and became a part of the building, just as structural steel, or any other parts of a building. The obligation to pay

arose only upon completion of the marble work of the building according to plans and specifications.

In so far as interstate commerce entered into the matter, it was incident to and in execution of the construction contract.

To treat this as a purchase of specific manufactured pieces of marble to move in interstate commerce, and merely installed here, is to lose sight of the essential nature of the contract.

We are impelled to concur with the trial court in holding complainant was doing business in Alabama, and the case is governed by the rule announced and applied. in the following authorities: American Amusement Co. v. East Lake Chutes Company, 174 Ala. 526, 56 So. 961; Muller Mfg. Company v. First Nat. Bank of Dothan, 176 Ala. 229, 57 So. 762; General Railway Signal Co. v. Commonwealth of Virginia, &c., 246 U. S. 500, 38 S. Ct. 360, 62 L. Ed. 854; Browning v. City of Waycross, 233 U. S. 16, 34 S. Ct. 578, 58 L. Ed. 828; Dozier v. State of Alabama, 218 U. S. 124, 30 S. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264; Industrial Association of San Francisco v. United States, 268 U. S. 64, 45 S. Ct. 403, 69 L. Ed. 849; Ft. Worth Glass & Sand Co. v. S. R. Smythe Co., 61 Tex. Civ. App. 388, 128 S. W. 1136; 12 C. J. 28.

While, as twice mentioned in our cases, the severe rule which enables one to accept and appropriate the valuable material and labor of another without. payment therefor works grave injustice, yet the public policy clearly written into our law in order that foreign corporations may be subject to the process of our courts, thus affording mutuality of remedy, cannot be stricken down by judicial decision.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.