159 So. 811

**COBB v. YORK ICE MACHINERY CORPORATION.**

7 Div. 295.

Supreme Court of Alabama.

Feb. 28, 1935.

Reed & Reed, of Centre, for appellant.

W. T. Murphree, of Gadsden, for appellee.

**ANDERSON, Chief Justice.**

The original summons was issued by, and returnable to, the Cherokee county circuit court, while the copy served upon the defendant bore the word "Etowah" instead of "Cherokee." After this, and before the trial, another summons was served on the defendant which conformed to the original and showed the suit to be in Cherokee and not Etowah county. Whether this was regular matters not, as the defendant, upon the execution of the writ of detinue, executed, a forthcoming bond showing that the proceeding was in Cherokee county. This was equivalent to a personal appearance by the defendant in said Cherokee court. Ex parte Tucker, 208 Ala. 428, 94 So. 276. The trial court did not err in refusing the defendant's motion to quash the summons.

The defendant interposed pleas setting up that the plaintiff was a foreign corporation, that the contract or transaction was intrastate, and the plaintiff had failed to comply with our Constitution and statute designating an agent as a condition to doing business in this state (Const. 1901, § 232; Code 1923, § 7209). We think this was an interstate transaction, the machinery was sold to the defendant to be delivered in Alabama, and the erection or assemblage was to be by the defendant; the plaintiff agreeing only to furnish a skilled mechanic at the option of the defendant and at his expense. We think this case more properly falls within the influence of Puffer Manufacturing Co. v. Kelly, 198 Ala. 131, 73 So. 403; Hurst v. Fitz Water Wheel Co., 197 Ala. 10, 72 So. 314; York Manufacturing Co. v. Colley et al., 247 U. S. 21, 38 S. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611; and does not belong to the class dealt with in American Amusement Co. v. East Lake Chutes Co., 174 Ala. 526, 56 So. 961; George M. Muller Manufacturing Co. v. First National Bank of Dothan, 176 Ala. 229, 57 So. 762; Gray-Knox Marble Co. v. Times Bldg. Co. et al., 225 Ala. 554, 144 So. 29. Indeed, the case of York Manufacturing Co. v. Colley, supra, involved the sale of an ice plant under a contract similar to this one and, no doubt, by the same plaintiff as here involved, and the court held it was an interstate transaction.

We cannot agree with the insistence of appellant's counsel that the plaintiff had not made out a case when resting, upon the theory that defendant's special pleas placed the burden upon the plaintiff of proving a compliance with the law as to agent, place of business, etc. This burden was on the plaintiff only when the transaction was shown to be intrastate and not when the proof showed it was interstate.

We cannot agree that defendant's plea 5 was proven without dispute so as to put the trial court in error for failing to find the issue there presented in his favor. The plea avers that the machinery was so attached and firmly installed as to become a part of the realty. In the first place, the reservation of the title in the sales contract indicated that the parties were, at least, prima facie, considering the machinery as removable trade fixtures, and the plaintiff offered evidence showing that the same could be detached and removed without serious detriment or material injury to the remainder of the plant. True, there was a conflict in the evidence on this point, but the trial court saw and heard the witnesses, and the conclusion was like unto the verdict of a jury. Broaddus et al. v. Smith, 121 Ala. 335, 26 So. 34, 77 Am. St. Rep. 61; Parker et al. v. Blount County, 148 Ala. 275, 41 So. 923.

The case of Alabama Machinery & Supply Co. v. Roquemore, 205 Ala. 244, 87 So. 435, is unlike the case in hand. There, a suit was brought by the vendor of an elevator installed by the tenant against the landlord, Roquemore. The lease between Roquemore and his tenant, Wragg, expressly provided for the installation by the tenant of the elevator and a reduction of the monthly rent as a consideration, and there was no agreement that it was to be a mere trade fixture. True, the vendor may have retained the title to the elevator, but it permitted the installation of same so as to become a fixture on the premises of Roquemore, and the court held that the vendor was not a bona fide holder against the landlord. Moreover, the court also held that the mixed question of law and fact, as to whether the elevator had become a part of the realty, was tried by the court on oral testimony, and declined to disturb the conclusion of the trial court on this issue—just as we do in the case at bar.

The question to the defendant, as a witness on cross-examination, "You competed with ice plants in each of those places," and the answer thereto, were harmless, as the defendant had just stated, without objection, that he "sold ice, here, in Gadsden and Rome."

The defendant made a motion for a new trial and among the grounds was one that the judgment was excessive. The trial court corrected or reduced the judgment, and there is now no contention that the judgment is excessive.

The other grounds argued for a new trial involve rulings heretofore treated, and, as the trial court did not err in these rulings, the defendant was not entitled to a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.