173 So. 42

## TIMES BLDG. CO., for Use of GRAY-KNOX MARBLE CO., v. CLINE et al.
### 8 Div. 780.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied March 18, 1937.

Cooper & Cooper, of Huntsville, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, and Taylor & Richardson, of Huntsville, for appellees.

ANDERSON, Chief Justice.

The contract which is the basis of this suit was considered and construed in the case of Gray-Knox Marble Co. v. Times Building Company, 225 Ala. 554, 144 So. 29. It was there held that the sale of the marble included, as one and an inseparable part thereof, the installation of same by the seller so as to involve an intrastate transaction, and that the case fell under the influence of American Amusement Company v. East Lake Chutes Company, 174 Ala. 526, 56 So. 961; George M. Muller Manufacturing Co. v. First National Bank of Dothan, 176 Ala. 229, 57 So. 762; General Railway Signal Co. v. Commonwealth of Virginia, 246 U.S. 500, 38 S.Ct. 360, 62 L.Ed. 854, and was unlike the transactions involved in Puffer Manufacturing Co. v. Kelly, 198 Ala. 131, 73 So. 403; York Manufacturing Co. v. Colley, 247 U.S. 21, 38 S.Ct. 430, 62 L.Ed. 963, 11 A.L.R. 611; Cobb v. York Ice Machinery Corporation, 230 Ala. 95, 159 So. 811. We are still of the opinion, and so hold, that the contract in question was not simply a sale of the marble so as to be protected as an interstate transaction, but involved the installation of same and the doing of acts quite similar to those involved in the case of George M. Muller Manufacturing Co. v. First National Bank of Dothan, supra.

It is suggested by appellants' counsel, upon this appeal, that some confusion has arisen owing to the existence of three corporations of similar names, to wit: "a Gray-Knox Marble Company, a corporation organized and existing under the laws of the State of Delaware—the Appellant in this cause; (2) There is a Gray-Knox Marble Company of Delaware, a Delaware corporation, which is not a party to this cause; (3) There is a Gray-Knox Company of Tennessee, which was the com-

plainant in the suit of Gray-Knox Marble Company v. The Times Building Company * * * in equity—and not a party to this suit," evidently referring to the case reported in 225 Ala. 554, 144 So. 29. Regardless of the suggestion of confusion, it is manifest that the corporation that sold Cline the marble did so by one inseparable contract agreed to and did install the same in the Times Building, and said installation involved doing business in this state as brought out in the George M. Muller Manufacturing Co. Case and other cases, supra. And it appearing that said corporation had not qualified to do business in this state, the trial court did not err in rendering judgment for the appellee, and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.